[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant action comes to the court by way of appeal pursuant to § 12-118 Connecticut General Statutes. The subject of the appeal is a certain piece or parcel of land located at 262 Depot Road, Milford, Connecticut. The premises contains 6.13 acres of land, improved with two concrete block office/warehouse structures and a concrete garage structure with attached open steel shed. The total building area comes to 53,002 +/- square feet with office area approximately 30% thereof, or some 16,000 +/- square feet. The highest and best use, consistent with the testimony at trial, is its present mixed use or similar light industrial as permitted under the present LI-30 zoning.
The applicant in the instant action is The Bank of New Haven, the owner of record by reason of a certain judgment of strict foreclosure dated November 27, 1991 (Gordon, J.). The applicant seeks to have the court determine the true and actual value of the subject premises as of the decennial reassessment date, October 1, 1991, and for the succeeding assessment dates of October 1, 1993, and October 1, 1994. The applicant further claims that the assessment (i.e., 70% of the true and actual value) placed on the subject by the defendant City of Milford, to wit: $1,524,180.00, was grossly excessive, disproportionate and unlawful. In furtherance of its position relative to value, the applicant duly appealed to the Board of Tax Review of the defendant on March 14, 1994, but said Board made no change to the valuation. CT Page 3909
At the trial, the applicant presented testimony as to valuation on the re-valuation date by way of the judgment of strict foreclosure and the finding of fair market value by the court therein of $1,764,000. Additionally, plaintiff produced the appraisal of Mr. Eric M. Glidden and adduced his testimony in support thereof that fair market value of the subject on the revaluation date was $1,500,000 (Plaintiff's Exhibit D). Using the income approach, Glidden testified that, based on an net economic rent of $189,340 and an informed capitalization of 12.62%, the subject had a determined value of $1,500,316 — say, $1,500,000. His sales comparison approach produced approximately the same value.
The defendant produced the assessor for the City of Milford, Mr. William H. Gaffney and adduced testimony in support of his analysis of the property's value that the fair market value on the re-valuation date was $2,177,400.00 (Plaintiff's Exhibit E). Using the income approach, Gaffney testified that, based on a postulated economic rent of $267,822 and an informed capitalization rate of 11%, the subject had a determined value of $2,434,745.00. His sales comparison approach produced an even higher value.
The court, doing an independent analysis factually based on the evidence produced at trial, has extrapolated the following:
 Indicated Value
I. Glidden economic rent: $189,340 Gaffney economic rent: + $267,822 -------- $457,162
 A. Average economic rent: $228,581 = $1,811,260 ---------------------- ------- Glidden cap. rate: 12.62%
 B. Average economic rent: $228,251 = $2,078,009 ---------------------- -------- Gaffney cap. rate: 11%
II. Glidden economic rent: $189,340 = $1,721,272 ---------------------- -------- Gaffney cap. rate: 11% CT Page 3910
III. Gaffney economic rent: $267,822 = $2,122,203 ---------------------- -------- Glidden cap. rate: 12.62%
While the Glidden appraisal was prepared in connection with the foreclosure proceeding, the court at that time determined the fair market value to be substantially higher, yet well within the range of the parameter analysis hereinabove. The Gaffney analysis was just that, an analysis done to support the re-valuation number of $2,177,400 and prepared in connection with this proceeding.
The court finds that the weightier indicia of value in time and place was the previous determination of value arrived at by the court during the foreclosure proceeding. The evidence clearly established that valuation was vigorously contested at the time. The court, as previously indicated, determined the value of the subject premises to be $1,764,000. Said determination was made as of November 27, 1991, just one month and 27 days later than the operative re-valuation date. The evidence in the instant matter supports that previously found value.
The court therefore finds the true and actual value of the property to be $1,764,000 as of October 1, 1991, and on the relevant grand list dates thereafter. The court further finds that 70% of said true and actual value is $1,234,800. The defendant is ordered to reimburse the applicant for any overpayment of taxes which has been made prior to the entry hereof together with interest. Costs are hereby taxed in favor of plaintiff including an appraisal fee of $750.00.
Comerford, J.